■ ALCIDE J. DUBE et al., Appellants, v MICHAEL KAUFMAN et al., Respondents. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Delaney, J.), entered February 17, 1988, which granted the defendants' motion for summary judgment, and thereupon dismissed their amended complaint.

Ordered that the order and judgment is affirmed, with costs.

The defendants Michael and Arlene Kaufman owned a five-acre wooded parcel of land in Katonah, N. Y., upon which they proposed to build a one-family dwelling. They contracted with the third-party defendants, Maurice Ave. Construction Corp. (hereinafter Maurice) and Emilio Conte, to clear the necessary land and construct the house. The contractor hired the plaintiff Alcide J. Dube to help clear the land, along with three others. The plaintiff began working on November 14, 1983, apparently cutting up felled trees for some four hours. The accident occurred around 11:00 A.M. the following day. Conte was in the process of cutting down a large tree when it

fell in an unanticipated direction, striking the plaintiff on the head. The gravamen of the plaintiffs' claim is that the Kaufmans violated Labor Law § 200 by hiring an allegedly unskilled and incompetent contractor to conduct the tree-clearing operation, an inherently dangerous job. Liability is premised on actual or constructive knowledge of the unsafe manner in which the tree-clearing operation was being performed, not on any exercise of control by the Kaufmans. The Supreme Court granted the Kaufmans' motion for summary judgment and we affirm.

Labor Law § 200 is merely a codification of the common-law duty of owners to provide a safe place to work *(Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299). It is not breached when the injury arises "out of a defect in the subcontractor's own plant, tools and methods, or through negligent acts of the subcontractor occurring as a detail of the work" *(Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136, 145). That the accident at bar was caused by the contractor's alleged negligence in cutting down the tree, "a detail of the work" performed by the contractor, cannot be gainsaid. The plaintiffs contend, however, that the Kaufmans' duty to provide a safe place to work encompassed a duty to engage a competent independent contractor and that the Kaufmans were negligent in hiring Maurice and Conte because, in the postaccident opinion of an expert tree surgeon, they were incompetent to do the tree-clearing work. Assuming, arguendo, that the law recognizes a duty on the part of these property owners to the employees of the independent contractor to exercise reasonable care in hiring the independent contractor, the record fails to support the conclusion that such duty was breached at bar. There is not a scintilla of evidence in this record as to the defendant Arlene Kaufman's involvement with the contractor or his work. With regard to the defendant Michael Kaufman, the evidence is extremely sparse. There is no showing that he knew or should have known, upon reasonable inquiry, that the contractor was not qualified to undertake the job. Indeed, Conte testified upon his examination before trial that he had felled trees prior to this particular job, although he had never worked for or taken courses in tree surgery. There is evidence that Michael Kaufman made a brief visit to the tree-clearing site on the day before the accident but notice of any incompetency or unsafe conditions was not established. Therefore, the plaintiffs have failed to establish any basis for holding the Kaufmans liable, as property owners, under Labor Law § 200 and the Kaufmans' motion for summary judgment was properly granted.

We have examined the remaining contentions raised on appeal and find no basis for reversal. Mollen, P. J., Brown, Kunzeman, Weinstein and Kooper, JJ., concur.