■ LYNN MONTANO, Respondent, v LINDA O'CONNELL et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about November 26, 1991, *inter alia,* denying the motion of defendants Linda and Jarid O'Connell for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, with costs.

Whether work is inherently dangerous, and thus an exception to the general rule that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts, is normally a question of fact to be determined by the jury *(Rosenberg v Equitable Life Assur. Socy.,* 79 NY2d 663, 670). In this action, plaintiff seeks to recover monetary compensation for property damage sustained by her cooperative apartment unit when a gas explosion occurred in the adjacent apartment owned by the appealing defendants, while independent contractors were sanding and refinishing wooden floors with highly flammable chemicals. The New York Board of Fire Underwriters investigated

the matter and reported that flammable vapors from the products used in the work were probably ignited by the oven's gas pilot light. The record also indicates the appealing defendants knew the gas was turned on at the time the independent contractors arrived at the apartment with their materials to do the work. Under these circumstances there is triable issue of fact as to whether the refinishing process is inherently dangerous, thus precluding the grant of summary judgment to the appealing defendants. Concur—Wallach, J. P., Kupferman, Kassal and Rubin, JJ.