■ MAUREEN REID, Appellant, v STYCO OF ROCHESTER, INC., and/or STYCO, INC., Respondent. [626 NYS2d 342] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This action arises from a slip and fall that occurred at approximately 10:30 A.M. on June 30, 1981 in Genesee Hospital. At that time, plaintiff, a nurse in the hospital, heard a scream emanate from a corridor of the hospital. As she ran into the corridor, plaintiff slipped and fell on the mastic-covered floor. At the time, third-party defendant, Ike's Carpet Service (Ike's), an independent contractor retained by defendant, was in the process of installing new carpeting in the corridor. The carpet-

ing was being installed using the "direct cement down" method, by which the old carpeting and mastic are removed, a fresh layer of mastic is put on the concrete floor, and the new carpeting is applied directly to the floor. The record indicates that, when plaintiff fell, the fresh layer of mastic was recently put on the floor but the new carpeting had not been installed. According to plaintiff, there was no barrier erected around the area where the carpeting was being installed.

Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. Although, as a general rule, an employer who hires an independent contractor is not liable for the negligent acts or omissions of the independent contractor, there are exceptions to that general rule *(see, Rosenberg v Equitable Life Assur. Socy.,* 79 NY2d 663, 668, *rearg dismissed* 82 NY2d 825; *see also, Kleeman v Rheingold,* 81 NY2d 270, 273-274). One exception involves a situation where an independent contractor is hired to do work that the employer knows or has reason to know involves special dangers inherent in the work or dangers that should have been anticipated by the employer *(see, Rosenberg v Equitable Life Assur. Socy., supra,* at 668). Whether work is inherently dangerous, thereby constituting an exception to the general rule, is ordinarily a question of fact to be determined by the trier of fact *(see, Rosenberg v Equitable Life Assur. Socy., supra,* at 670; *Montano v O'Connell,* 186 AD2d 461).

Defendant met its initial burden of showing its entitlement to judgment in its favor as a matter of law. Thereafter, plaintiff came forward by the submission of evidentiary proof in admissible form to show the existence of an issue of fact whether the exception should be applied under the circumstances of this case. Therefore, we modify the order on appeal by denying defendant's motion for summary judgment and reinstating the complaint. (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.