■ MICHELLE MARKS, as Administratrix of the Estate of KEVIN J. MARKS, Deceased, Respondent, v ANDREW J. MORE-

HOUSE, Appellant. [634 NYS2d 835] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Spain, J.), entered November 18, 1994, which, *inter alia*, granted plaintiff's cross motion for partial summary judgment on the issue of liability.

Plaintiff's decedent was fatally injured on October 21, 1990, when he fell from a ladder while painting the exterior of a building used for commercial purposes in the City of Albany. At the time, he was assisting Warren Adams, who had contracted to purchase the property from defendant. Defendant, who retained title to the premises, had given Adams permission to clean and paint the interior, prior to the closing, and Adams had, with decedent's help, undertaken exterior work as well, apparently without defendant's knowledge or consent. After the accident, the property was transferred to Adams, pursuant to the contract, by a deed dated October 30, 1990 and recorded in June 1991.

In this action, plaintiff seeks to hold defendant liable, as owner of the premises, for her late husband's injuries and resulting demise, which she contends were caused by unsafe conditions, in violation of Labor Law §§ 200, 240 (1) and § 241 (6). Defendant moved for summary judgment, asserting that he was not, at the time of the accident, an "owner" of the premises for purposes of Labor Law § 240 (1) and § 241 (6), and that decedent was, in any event, not protected by those statutes because he had not been hired by Adams, but was merely a "volunteer". Plaintiff's cross motion for partial summary judgment on the issue of liability was granted, prompting this appeal.

There is no merit to defendant's argument that he may not be held liable as an "owner" under Labor Law §§ 240 and 241, because he had contracted to sell the property to Adams, and it was Adams who actually engaged decedent, controlled the work and benefitted therefrom. Defendant was not only the legal owner of the property at the relevant time but, pursuant to the contract of sale, also enjoyed full possessory rights thereto until the transfer of title. Inasmuch as he had the right to control access to the property and the activities performed thereon (*see, Kerr v Rochester Gas & Elec. Corp.*, 113 AD2d 412, 416), whether he did, in fact, do so is immaterial.

The liability imposed by Labor Law §§ 240 and 241 "rests upon the fact of ownership[,] and whether [defendant] had contracted for the work or benefitted from it are legally irrelevant" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560); the duty to ensure the safety of workers on one's property may not be evaded by delegation (*supra*; *see, Celestine v City of New*

*York*, 59 NY2d 938, *affg on mem below* 86 AD2d 592). Although "ownership", as contemplated by these statutes, is not always limited to the titleholder (*see, Mangiameli v Galante*, 171 AD2d 162, 163), and a contract vendee, such as Adams, may be considered an "owner" (*see, DeFreece v Penny Bag*, 137 AD2d 744, 745), neither Adams' acquisition of an equitable interest in the premises, nor his assumption of control over the work, relieves defendant of his nondelegable duty, as the legal owner, to provide a safe environment for those performing certain types of work on his property.

While plaintiff is entitled to partial summary judgment on the issue of ownership, questions of fact remain with respect to whether decedent was serving as a paid employee or merely as a volunteer; in the latter case he would not be entitled to the protections afforded by Labor Law §§ 240 and 241 (*see, Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 577; *Whelen v Warwick Val. Civ. & Social Club*, 47 NY2d 970, 971). To support her contention that decedent was among the class of protected persons, plaintiff submitted her deposition testimony, in which she recounted having been told by decedent that Adams was paying him an hourly wage for his services, and having found pay stubs, attributable to the work in question, among her husband's papers after he died. In opposition, defendant tendered Adams' affidavit, wherein he avers that he never paid decedent and that decedent was merely "helping out" as a friend. This conflicting testimony regarding decedent's status vis à vis Adams raises a credibility question, precluding summary judgment for either party.

Defendant is, however, entitled to dismissal of so much of the complaint as alleges that he violated Labor Law § 200, for the record contains nothing from which it could be inferred that he actually exercised any control over the particular work decedent was performing (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505), or that he knew, or should have known, that Adams was, as plaintiff contends, irresponsible or incapable of competently and safely carrying out the work he set out to do (*see, Dube v Kaufman*, 145 AD2d 595, 596).

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion to dismiss plaintiff's Labor Law § 200 claim and granted the cross motion awarding plaintiff partial summary judgment on the issue of liability; motion granted to that extent and plaintiff's Labor Law § 200 claim is dismissed, and cross motion granted to the

extent that defendant is an "owner" for purposes of plaintiff's Labor Law §§ 240 and 241 claims; and, as so modified, affirmed.