■ DORA SANCHEZ et al., Respondents, v UNITED RENTAL EQUIPMENT CO., INC., Appellant, and NICHOLSON CONSTRUCTION COMPANY, Defendant and Third-Party Plaintiff-Respondent. ZANO INDUSTRIES, INC., Third-Party Defendant. [667 NYS2d 410] —In a negligence action, *inter alia,* to recover damages for personal injuries and wrongful death, the defendant United Rental Equipment Co., Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated August 20, 1996, as denied those branches of its motion which were for summary judgment dismissing the plaintiffs' cause of action for negligent hiring insofar as asserted against it and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs to the plaintiffs, those branches of the motion of the defendant United Rental Equipment Co., Inc., which were for summary judgment dismissing the plainitiffs' cause of action to recover damages for negligent hiring insofar as asserted against it and all cross claims insofar as asserted against it is granted, and, upon searching the record, summary judgment is granted dismissing that cause of action and all cross claims insofar as asserted against the defendant Nicholson Construction Company.

Juan Sanchez, the plaintiffs' decedent, was killed when a tractor-trailer driven by the president of his employer, the third-party defendant Zano Industries (hereinafter Zano), ran over him. At the time of the accident the tractor-trailer was transporting a crane owned by the defendant United Rental Equipment Company (hereinafter United), and leased to the defendant Nicholson Construction Company (hereinafter Nicholson).

The crane rental agreement provided that transportation of the crane was the responsibility of Nicholson. However, there was evidence to the effect that United, in fact, arranged for the crane's transport and hired Zano, an independent contractor, to move the crane from Nicholson's construction site in Staten Island to a site in New Jersey.

The complaint asserts, *inter alia,* that both United and Nicholson were negligent in hiring Zano, a careless contractor. United moved for summary judgment, *inter alia,* to dismiss the cause of action to recover damages for negligent hiring as it was not liable for Zano's acts of negligence and there was no evidence that it was negligent in selecting Zano as the transporter of the crane. The court denied that branch of the motion on the ground that an issue of fact existed as to which defendant, Nicholson or United, actually hired Zano.

Although there is an issue of fact as to which defendant hired the independent contractor Zano, United's motion for summary judgment should nevertheless have been granted. Assuming arguendo that the law recognizes a duty on the part of the defendants to exercise reasonable care in selecting an independent contractor which can extend to the independent contractor's employees (*see, Vaniglia v Northgate Homes,* 106 AD2d 384; *Dube v Kaufman,* 145 AD2d 595, 596), there is no proof that the defendants breached that duty here. The record is devoid of any evidence that the defendants knew, or should have known upon reasonable inquiry, that Zano was not qualified to transport the subject crane (*see, Dube v Kaufman, supra; see also, Marks v Morehouse*, 222 AD2d 785, 787; *La Manna v Colucci,* 138 AD2d 901, 903-904). To the contrary, the record indicates that Zano was a "renowned" moving company, with prior experience in moving cranes similar to the crane involved in the decedent's accident. Accordingly, the plaintiffs' theory that the defendants' negligence should be predicated upon their failure to hire a competent independent contractor to transport the crane must fail.

We further note that the defendants would be entitled to judgment as a matter of law even if the plaintiffs could establish that they were negligent in hiring Zano. As a general rule, one who hires an independent contractor is not responsible for the contractor's torts (*see, Whitaker v Norman,* 75 NY2d 779, 782). Thus, absent evidence that the hirer committed some affirmative act of negligence, or maintained some control over the work performed by the independent contractor's employees, an employee of an independent contractor whose negligence caused the accident cannot recover upon the ground that his employer was negligently selected (*see, Lipka v United States,* 369 F2d 288, 292-293, *cert denied* 387 US 935; *Whitaker v Norman, supra; see also*, Restatement [Second] of Torts § 411). Since there is no evidence that the defendants committed an affirmative act of negligence or exercised control over the manner in which the crane was to be transported, the defendants

cannot be held liable for the death of the independent contractors' employee (see, Dashinsky v Santjer, 32 AD2d 382, 386).

Finally, we note that the defendant Nicholson did not address the plaintiffs' negligent hiring cause of action in its motion for summary judgment, and has not cross-appealed. However, CPLR 3212 empowers this Court to search the record, and grant summary judgment where warranted, even where the party to whom summary judgment is granted neither moved for such relief in the Supreme Court nor cross-appealed (see, Dunham v Hilco Constr. Co., 89 NY2d 425; Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106; Sheehan v State Farm Fire & Cas. Co., 239 AD2d 486). Since the record establishes that the plaintiffs' negligent hiring claim must fail regardless of which defendant hired Zano, the defendant Nicholas is entitled to judgment as a matter of law. Ritter, J. P., Friedmann, Krausman and McGinity, JJ., concur.