ALEXANDER SATO, an Infant, by His Parent and Natural Guardian, SEIRA SATO, et al., Respondents, v SALOMON COR-REA, Defendant, and CORAL GARDENS OWNERS, INC., et al., Appellants. [707 NYS2d 371] —In an action to recover damages for personal injuries, etc., the defendants Coral Gardens Owners, Inc., and Ergos Management Group, Ltd., appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated May 25, 1999, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

"In instances where an employee cannot be held vicariously liable for its employee's torts, the employer can still be held liable under theories of negligent hiring, negligent retention, and negligent supervision * * * However, a necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (Kenneth R. v Roman Catholic Diocese, 229

AD2d 159, 161). Here, there was no evidence submitted by the plaintiffs to establish that the appellants were aware or should have been aware of the propensity of their employee, Salomon Correa, for the conduct which allegedly caused the infant plaintiff's injury (*see, K. I. v New York City Bd. of Educ.,* 256 AD2d 189; *Givens v New York City Hous. Auth.,* 249 AD2d 133; *Kenneth R. v Roman Catholic Diocese, supra; Rochlin v Alamo,* 209 AD2d 499). Ritter, J. P., Joy, S. Miller and H. Miller, JJ., concur.