■ BEVERLY METZGER et al., Respondents, v YORKTOWN JEWISH CENTER, Appellant, and T.F. ANDREW CARPET ONE, INC., Respondent. [724 NYS2d 644] —In an action to recover damages for personal injuries, etc., the defendant Yorktown Jewish Center appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered October 16, 2000, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs payable by the respondents, the motion is granted, the complaint and all cross claims insofar as asserted against the appellant are dismissed, and the action against the remaining defendant is severed.

The plaintiff Beverly Metzger allegedly was injured when she tripped over the legs of a workman who was installing

baseboard molding in the appellant's premises. It is well settled that to establish a prima facie case of negligence in a trip-and-fall case, a plaintiff must demonstrate that the defendant created the condition which caused the accident or had actual or constructive notice of the condition (*see, Piacquadio v Recine Realty Corp.,* 84 NY2d 967; *Pianforini v Kelties Bum Steer,* 258 AD2d 634). The appellant came forward with sufficient evidence to establish that it neither created, nor had actual or constructive notice of, the condition which caused the injured plaintiff to fall. In opposition, the plaintiffs failed to create an issue of fact.

Moreover, one who hires an independent contractor is not liable for the independent contractor's negligent acts since the employer has no right to control the manner in which the work is done (*see, Marino v City of New York,* 259 AD2d 469; *Zedda v Albert,* 233 AD2d 497). There is no evidence that the appellant exercised any control over the manner in which the workman, or his employer, the defendant T.F. Andrew Carpet One, Inc., performed the work. Thus, the appellant cannot be held liable. Bracken, P. J., Friedmann, Florio and H. Miller, JJ., concur.