■ Shmuel Daniely, Respondent, v County of Westches-
ter, Appellant. [747 NYS2d 239]

The plaintiff commenced this action to recover damages for injuries he sustained when he tripped and fell in the underground parking garage of the Westchester County Courthouse. The plaintiff parked his car in the garage on the afternoon of June 12, 1997. After concluding his business at the courthouse, the plaintiff returned to the B2 level of the garage where he had parked. As the plaintiff was walking toward his car, his right foot caught on something which caused him to fall forward. Although he tried to break his fall with his hands, the plaintiff struck his head on a concrete divider, and was knocked unconscious. The plaintiff acknowledged that he did not see the object which caused him to trip. A court officer who assisted the unconscious man noticed a piece of metal sticking up out of the ground, about a foot away from a shoe which had fallen off the plaintiff's foot.

The plaintiff's expert witness, a licensed engineer, testified that the protruding metal object which apparently caused the plaintiff's fall was part of an expansion joint. According to the engineer, the metal bar portion of the joint "popped up" due to rusting caused by a lack of preventative maintenance. The expert also testified that it was significant that a building work order indicated that in 1996 a loose metal bar had raised up near the garage elevator which was used by the judges assigned to the courthouse. However, this prior incident occurred over 100 feet from the site of the plaintiff's fall. On cross-examination, the engineer acknowledged that he did not know when the metal bar portion of the joint sprung up, and the plaintiff could have dislodged it with his foot.

Also called as a witness was the Superintendent of Buildings (hereinafter the Superintendent) for the Westchester County Department of Public Works (hereinafter the Department). The Superintendent testified that in June 1996 the Department received a work order requesting a repair of an expan-

sion joint near the judges' elevator because a metal bar was sticking out, and had nearly caused a judge to trip. In addition, repair work was performed on another occasion in response to a complaint of "metal strip coming up, people tripping over it." According to the Superintendent, the repairs made in the vicinity of the judges' elevator were approximately 200 feet from the site of the plaintiff's fall.

At the end of the plaintiff's case, the defendant moved to dismiss the complaint, contending that the plaintiff failed to establish a prima facie case because the evidence of prior repairs to expansion joints near the judges' elevator did not establish that it had notice of the raised metal bar which allegedly caused the plaintiff's fall. The Supreme Court denied the motion, finding that the question of whether the defendant had prior notice presented an issue of fact for the jury to determine. At the conclusion of the unified trial, the jury returned a verdict finding the defendant 100% at fault in the happening of the accident, and awarding the plaintiff damages.

The defendant contends that the plaintiff failed to establish that it had constructive notice of the condition which caused his fall because there is no evidence that the condition had existed for a sufficient length of time prior to the accident to have required it to be repaired. We agree.

To establish a prima facie case of negligence in a slip and fall case, a plaintiff must show that the defendant either created the condition which caused the accident, or that it had actual or constructive notice of the condition (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967; *Metzger v Yorktown Jewish Ctr.*, 283 AD2d 466; *Sanchez v Delgado Travel Agency*, 279 AD2d 623). Where, as in the case at bar, the plaintiff proceeds on a theory of constructive notice, the plaintiff must prove that the defect which caused the accident was visible and apparent, and that it existed "for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Here, the record is devoid of any evidence concerning how long the defect which allegedly caused the plaintiff's accident existed prior to his fall. Although a witness observed the metal bar portion of the expansion joint protruding from the ground shortly after the accident, the plaintiff acknowledged that he did not see what caused him to catch his foot and fall. Moreover, the plaintiff's expert witness conceded that he did not know how long the metal bar had been raised. Under these circumstances, it would be speculative to infer that the metal bar was raised up from the ground for a suf-

ficient period of time to afford the defendant an opportunity, in the exercise of reasonable care, to correct the condition (*see Madrid v City of New York,* 42 NY2d 1039).

Furthermore, while there had been two prior instances in which the metal bar portions of expansion joints raised up, these occurred at least 100 feet from the accident site, and did not provide the defendant with constructive notice of the particular defect which allegedly caused the accident (*see Mercer v City of New York,* 88 NY2d 955). Moreover, the evidence of two such incidents was insufficient to establish that the condition of metal bars "popping up" was frequent, ongoing, and customary, such that the defendant could be charged with constructive notice of each recurrence of the condition (*see Osorio v Wendell Terrace Owners Corp.,* 276 AD2d 540). Accordingly, the plaintiff failed to establish a prima facie case of negligence, the judgment should be reversed, and the complaint should be dismissed.

In view of our determination, we need not reach the defendant's remaining contentions. Ritter, J.P., S. Miller, Krausman and Goldstein, JJ., concur.