■ CAROL BELLERE, Respondent, v THERESA GERICS et al., Appellants-Respondents, and RM GENERAL CONTRACTING CORP., Respondent-Appellant. [759 NYS2d 105] —In an action, inter alia, to recover damages for wrongful death, the defendants Theresa Gerics and Andrew Gerics appeal from so much of an order of the Supreme Court, Kings County (Held, J.), dated April 19, 2002, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendant RM General Contracting Corp. cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, the motion of the defendants Theresa Gerics and Andrew Gerics is granted, the complaint and all cross claims are dismissed insofar as asserted against those defendants, and the action against the remaining defendant is severed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Theresa Gerics and Andrew Gerics payable by the plaintiff and the defendant RM General Contracting Corp.

On October 20, 1998, the plaintiff's husband, Bernard Bellere (hereinafter the decedent), sustained fatal injuries after falling from the roof of the three-story dwelling that he and the plaintiff owned in Brooklyn. The defendants Theresa Gerics and Andrew Gerics (hereinafter the Gerics), who are husband and wife, owned an apartment building which abutted the plaintiff's dwelling.

Prior to the decedent's accident, the Gerics retained the defendant RM General Contracting Corp. (hereinafter RM) to demolish and replace the chimney on the roof of their building. The chimney was located on the side of the Gerics' building which abutted the plaintiff's dwelling. However, the roof of the

Gerics' building was approximately 10 feet higher than the roof on the plaintiff's dwelling, and the chimney positioned on the side of the Gerics' building faced directly down upon the roof of the plaintiff's dwelling.

The plaintiff commenced this action, alleging, inter alia, that the decedent fell from the roof of the plaintiff's dwelling after slipping and falling upon roofing and construction debris which had fallen on the plaintiff's roof from Gerics' roof. The decedent allegedly went onto the roof to remove the debris.

Contrary to the contention of RM, the Supreme Court properly denied its cross motion for summary judgment. Here, RM acknowledged that it was responsible to prevent debris from falling onto the plaintiff's property, and for removing any debris that may have fallen onto the roof. Further, RM acknowledged that injury was a reasonably foreseeable consequence of allowing debris to fall from the roof. Accordingly, the Supreme Court correctly held that under the facts and circumstances of this case, RM owed a duty to prevent construction debris from falling onto the plaintiff's roof and property, and that a jury could conclude that the decedent's fall was a foreseeable consequence of the debris condition that RM created (*see generally Di Ponzio v Riordan,* 89 NY2d 578 [1997]).

However, the Supreme Court erred in denying the Gerics' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The general rule is that a party who employs an independent contractor is not liable for the contractor's negligent acts since the party has no right to control the manner in which the work is done (*see Kleeman v Rheingold,* 81 NY2d 270, 273 [1993]; *Metzger v Yorktown Jewish Ctr.,* 283 AD2d 466 [2001]; *Marino v City of New York,* 259 AD2d 469 [1999]). In contrast, a party may be held liable for a contractor's negligence under theories of negligent hiring, negligent retention, and negligent supervision (*see Sato v Correa,* 272 AD2d 389 [2000]). To hold a party liable under theories of negligent hiring, negligent retention, and negligent supervision, a plaintiff must establish that the party knew or should have known of the contractor's propensity for the conduct which caused the injury (*see Sato v Correa, supra*). In the case at bar, the record is devoid of any evidence that the Gerics had any knowledge of any propensity by RM to engage in the conduct which allegedly caused the accident, and the plaintiffs failed to submit any proof to the contrary. Therefore, the complaint and all cross claims should have been dismissed insofar as asserted against the Gerics.

The parties' remaining contentions are either academic or

without merit. Feuerstein, J.P., Smith, Krausman and Cozier, JJ., concur.