■ RICHARD LAECCA et al., Appellants, v NEW YORK UNIVERSITY et al., Respondents, et al., Defendant. (And a Third-Party Action.) [777 NYS2d 433]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered February 27, 2003, which, to the extent appealed from, granted defendants' motions for summary judgment dismissing the second amended complaint and all cross claims against them, unanimously affirmed, without costs.

Plaintiff deliveryman was injured when a door, leaning against a wall pending installation, fell on him. The New York University (NYU) defendants, owners of the premises, had hired defendant

Thoroughbred for the work. Thoroughbred subcontracted the installation to defendant Conan, which, in turn, subcontracted this job to third-party defendant Crana. The latter two parties have defaulted.

An owner is obligated to maintain its property in a reasonably safe condition (*see Tagle v Jakob*, 97 NY2d 165, 168 [2001]). However, a party who employs an independent contractor for a particular task on the premises is generally not liable for the negligent acts of that contractor (*Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]), absent a showing of a specifically imposed duty or knowledge by the principal of an inherent danger (*Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 381 [1995]). Such knowledge can be imputed where the owner or principal created the hazardous condition or otherwise had actual or constructive notice of it (*Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646 [1996]), or where he exercised supervisory control over the contractor's operation (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]). The retention of general supervisory authority over the acts of an independent contractor is generally insufficient for the imposition of such vicarious liability (*see Saini v Tonju Assoc.*, 299 AD2d 244, 245 [2002]).

The NYU and Thoroughbred defendants submitted evidence demonstrating that none of their employees supervised, assisted or otherwise participated in the installation of the door. The failure to offer proof in opposition, sufficient to raise a triable question as to these defendants' liability, warranted summary judgment in their favor (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966 [1988]). Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Friedman, JJ.