■ EDWARD J. FARNSWORTH et al., Respondents, v BROOKSIDE CONSTRUCTION CO., INC., et al., Respondents, and NVR, INC., Doing Business as RYAN HOMES OF NEW YORK, Appellant. [818 NYS2d 386]—

Appeal from an order of the Supreme Court, Chautauqua County (Paula L. Feroleto, J.), entered September 22, 2005 in a personal injury action. The order denied the motion of defendant NVR, Inc., doing business as Ryan Homes of New York, for summary judgment dismissing the amended complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the amended complaint and cross claims against defendant NVR, Inc., doing business as Ryan Homes of New York, are dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Edward J. Farnsworth (plaintiff) when he fell through a stairwell opening in the floor of a house that was under construction. At the time of the accident, plaintiff was seeking employment with defendant Brookside Construction Co., Inc. (Brookside), a subcontractor for NVR, Inc., doing business as Ryan Homes of New York (defendant), the owner of the subdivision. Supreme Court erred in denying the motion of defendant for summary judgment dismissing the amended complaint and cross claims against it. In support of its motion, defendant established as a matter of law that plaintiff was injured in an area in which Brookside was working and that Brookside was an independent contractor over which defendant had no control. Thus, defendant met its burden of establishing that it is not liable for any negligent act on the part of Brookside (*see Kleeman v Rheingold*, 81 NY2d 270, 273-274 [1993]). Neither the retention of inspection privileges nor the general power to supervise and coordinate the work being done constitutes sufficient control to render defendant liable (*see generally McCune v Black Riv. Constructors*, 225 AD2d 1078, 1079 [1996]; *Enderlin v Hebert Indus. Insulation*, 224 AD2d 1020, 1020-1021 [1996]). We note in addition that, although an employer is liable for the negligence of an independent contractor when the employer knows or has reason to know that the work is inherently dangerous (*see generally Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992], *rearg dismissed* 82 NY2d 825 [1993]; *Reid v Styco of Rochester*, 214 AD2d 955, 956 [1995]), here the court erred in determining that the construction of a home is inherently dangerous work.

Defendant also established its entitlement to summary judgment dismissing the amended complaint insofar as it alleges a claim of negligent hiring, and plaintiffs failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The record establishes that defendant neither knew nor should have known of any propensity on the part of Brookside to engage in the conduct constituting the alleged acts of negligence (*see Bellere v Gerics*, 304 AD2d 687, 688 [2003]). Finally, we conclude that defendant established as a matter of law that it did not have constructive notice of the dangerous condition, and we thus conclude that the court erred in determining that there is an issue of fact with respect thereto (*see generally Zuckerman*, 49 NY2d at 562). Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Hayes, JJ.