■ LIBERTY MUTUAL FIRE INSURANCE COMPANY, as Subrogee of LILIETH CHUNG, Appellant, v CARLENE AKINDELE, Respondent. [885 NYS2d 302]—

In a subrogation action to recover damages for injury to property, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Taylor, J.), dated December 10, 2008, which granted the defendant's motion for summary judgment

dismissing the complaint, and (2) a judgment of the same court entered February 2, 2009, which, upon the order, is in favor of the defendant and against it, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the defendant homeowner demonstrated her prima facie entitlement to judgment as a matter of law by establishing that the subject fire was caused by the negligence of an independent contractor, for which she was not liable (*see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 380-381 [1995]; *Kleeman v Rheingold*, 81 NY2d 270, 274 [1993]; *Chorostecka v Kaczor*, 6 AD3d 643, 644 [2004]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to whether the defendant was negligent in hiring the independent contractor, who had been recommended to her by a trusted friend based upon his prior satisfactory work (*see generally Farnsworth v Brookside Constr. Co., Inc.*, 31 AD3d 1149, 1151 [2006]; *Bellere v Gerics*, 304 AD2d 687, 688 [2003]; *Sanchez v United Rental Equip. Co.*, 246 AD2d 524, 525 [1998]; *Dube v Kaufman*, 145 AD2d 595, 596 [1988]).

Similarly, the plaintiff failed to raise a triable issue of fact as to its claim that the defendant assigned the performance of inherently dangerous work to the independent contractor by hiring him to renovate her kitchen, and that she was aware or reasonably should have been aware of the alleged inherently dangerous nature of that work (*see generally Chainani v Board of Educ. of City of N.Y.*, 87 NY2d at 381; *Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 670 [1992]; *Farnsworth v Brookside Constr. Co., Inc.*, 31 AD3d at 1150). Rather, the record supports the conclusion that the fire occurred as the result of ordinary negligence by the independent contractor in performing work which was not inherently dangerous (*see Saini v Tonju Assoc.*, 299 AD2d 244 [2002]; *MacDonald v Heuer*, 253 AD2d 795 [1998]). Accordingly, summary judgment was properly awarded in favor of the defendant. Mastro, J.P., Eng, Belen and Hall, JJ., concur.