■ MERCEDES RODRIGUEZ, Appellant, v ATEF ABBASI, Respondent. (And a Third-Party Action.) [924 NYS2d 801]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme

Court, Queens County (Golia, J.), dated May 7, 2010, as granted the defendant's motion for summary judgment dismissing the complaint, and (2) so much of a judgment of the same court entered June 28, 2010, as, upon the order dated May 7, 2010, is in favor of the defendant and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff allegedly was injured when she fell while descending stairs at the defendant's premises. The plaintiff alleged that the handrail to the right of the staircase was loose and moved when she held it, causing her to lose her balance and fall.

A landowner has a duty to maintain his or her property "in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Basso v Miller, 40 NY2d 233, 241 [1976], quoting Smith v Arbaugh's Rest., Inc., 469 F2d 97, 100 [1972], cert denied 412 US 939 [1973]). "A landowner moving for summary judgment in a premises liability case 'has the initial burden of establishing that it did not create the defective condition or have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it' " (Ramirez v Saka, 76 AD3d 673, 674-675 [2010], quoting Goldenfeld v Euro Comfort Furniture, Inc., 48 AD3d 515, 515-516 [2008]).

The defendant established, prima facie, that he did not create or have notice of the allegedly defective handrail which caused the plaintiff to fall (see Walsh v Super Value, Inc., 76 AD3d 371, 376-377 [2010]; Scott v Redl, 43 AD3d 1031, 1032-1033 [2007]; Papazian v New York City Tr. Auth., 293 AD2d 658, 658-659 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (see Gonzalez v Jenel Mgt. Corp., 11 AD3d 656, 657 [2004]; Daniely v County of Westchester, 297 AD2d 654, 655-656 [2002]; see also Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Skelos, Hall and Austin, JJ., concur.