█ GREAT NORTHERN INSURANCE COMPANY, as Subrogee of George D. Bednar, et al., Respondents, v MILO REAL ESTATE CORP., Appellant, et al., Defendant. [999 NYS2d 13]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 8, 2014, which denied defendant owner Milo Real Estate Corp.'s (defendant) motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

There are triable issues of fact as to whether the sanding and refinishing of wooden floors in one of defendant's residential buildings constituted an inherently dangerous activity, and whether defendant knew or should have known that sawdust, if improperly stored or disposed of during the refinishing process, may spontaneously combust (*see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]; *Montano v O'Connell*, 186 AD2d 461 [1st Dept 1992]). In addition, there is a question of fact as to whether defendant, who had a nondelegable duty to keep the subject brownstone in a safe condition, had notice that defendant independent contractor was not properly disposing the sawdust that allegedly caused the fire (*see Laecca v New York Univ.*, 7 AD3d 415, 416 [1st Dept 2004], *lv denied* 3 NY3d 608 [2004]). It is undisputed that the day before the brownstone caught fire, a concerned neighbor noticed that a closed plastic garbage bag containing sawdust had been left on the curb and told defendant's employee that it might spontaneously combust. Thereafter, the employee told defendant independent contractor not to leave bags of sawdust in the building or on the curb (*see Schwartz v Merola Bros. Constr. Corp.*, 290 NY 145, 152 [1943]). Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.