■ ALBERTE SAINT ROBERT, Respondent, v BHAP HOUSING DEVELOPMENT FUND COMPANY et al., Appellants, et al., Defendants. [3 NYS3d 49]—

In an action, inter alia, to recover damages for negligent retention and supervision, the defendants BHAP Housing Development Fund Company and Shinda Management Corporation appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated June 21, 2013, as denied those branches of their motion which were for summary judgment dismissing so much of the complaint as alleged negligence, negligent retention and supervision, and vicarious liability, insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and those branches of the motion of the defendants BHAP Housing Development Fund Company and Shinda Management Corporation which were for summary judgment dismissing so much of the complaint as alleged negligence, negligent retention and supervision, and vicarious liability, insofar as asserted against them, are granted.

The plaintiff, a home health aide, allegedly was injured when she was physically assaulted by the defendant David Lewis, a security guard employed by the defendant Safe and Secured Protective Services, Inc. The incident allegedly occurred at a residential facility for elderly and disabled persons owned by the defendant BHAP Housing Development Fund Company and managed by the defendant Shinda Management Corporation (hereinafter together the appellants). Thereafter, the plaintiff commenced this action alleging, inter alia, that the appellants were negligent in hiring, retaining, and supervising Lewis, and that the appellants were vicariously liable for Lewis's conduct. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, the Supreme Court granted those branches of the appellants' motion which were for summary judgment dismissing so much of the complaint as alleged that they were negligent in hiring Lewis and that they had violated unspecified statutes and regulations. The court otherwise denied the motion.

"[A] party may be held liable for a contractor's negligence under theories of negligent hiring, negligent retention, and negligent supervision" (*Bellere v Gerics*, 304 AD2d 687, 688 [2003]). To hold a party liable under theories of negligent retention and negligent supervision, "a plaintiff must establish that the party knew or should have known of the contractor's propensity for the conduct which caused the injury" (*id.*; *see Ronessa H. v City of New York*, 101 AD3d 947, 948 [2012]; *Sato v Correa*, 272 AD2d 389, 389 [2000]). Here, the appellants demonstrated, prima facie, that they did not know or have reason to know of Lewis's alleged propensity for violence (*see S.C. v New York City Dept. of Educ.*, 97 AD3d 518, 519-520 [2012]; *Bellere v Gerics*, 304 AD2d at 688). The appellants also demonstrated, prima facie, that they were not vicariously liable for the conduct of Lewis under the doctrine of respondeat superior, since Lewis's alleged acts were not part of his job and were not incidental to the furtherance of the appellants' business (*see White v Hampton Mgt. Co. L.L.C.*, 35 AD3d 243, 244 [2006]; *Vega v Northland Mktg. Corp.*, 289 AD2d 565, 566 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have granted, in its entirety, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Roman, Duffy and Barros, JJ., concur.