■ EVERTON NELSON, Appellant, v E&M 2710 CLARENDON LLC, et al., Respondents. [12 NYS3d 51]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered December 19, 2013, which granted defendants' motions for summary judgment dismissing the complaint and cross claims against them, and denied plaintiff's cross motion to amend the complaint to assert a cause of action under Labor Law § 240 (1), unanimously affirmed, without costs.

After a fire in a mixed-use building, defendant Ferhati, LLC was retained on behalf of the owner, defendant E&M 2710 Clarendon LLC (E&M), to perform clean-up services. E&M also agreed to let a salvager, whom its plumber had used to remove an item from the building during boiler repairs, and whom its principal recognized from church, take certain items. The salvager was permitted to walk through the residential portion of the building and mark the items that he wanted. However, according to E&M, Ferhati was supposed to bring the items outside.

Plaintiff, an employee of a company hired to fix the building's roof, was asked by the salvager and his helper to help them move a refrigerator down a flight of stairs. Plaintiff agreed and held the back of the refrigerator as he walked backwards down the stairs. The helper held the front end and walked forwards.

When they reached a landing, the salvager and his helper argued over who would carry the refrigerator. After the salvager repeatedly told the helper to give him the refrigerator, the helper let go. The refrigerator slid down the stairs and plaintiff fell with it, injuring his ankle. After the accident, the salvager and the helper told plaintiff that they worked for Errol Morris, one of E&M's principals.

Ferhati and E&M established their prima facie entitlement to summary judgment dismissing plaintiff's claims. In opposition, plaintiff failed to raise a material issue of fact.

Ferhati established that there is no basis to hold it responsible for the actions of the salvager and/or his helper. On the record before us, the contention that the salvager and/or his helper were independent contractors of, or otherwise working

for Ferhati, is unsupported. Accordingly, Ferhati owed no duty to plaintiff.

E&M established that even if it hired the salvager as an independent contractor, there is no basis to impose liability on it. "As a general rule, a principal is not liable for the acts of an independent contractor because, unlike the master-servant relationship, principals cannot control the manner in which independent contractors perform their work" (*Saini v Tonju Assoc.*, 299 AD2d 244, 245 [1st Dept 2002]; *see also Goodwin v Comcast Corp.*, 42 AD3d 322 [1st Dept 2007]). Although "liability will attach 'where the employer is negligent in selecting, instructing or supervising the contractor, where the contractor is employed to do work that is inherently dangerous or where the employer bears a specific nondelegable duty' " (*Leeds v D.B.D. Servs.*, 309 AD2d 666, 667 [1st Dept 2003], quoting *Tytell v Battery Beer Distrib.*, 202 AD2d 226, 226-227 [1st Dept 1994]), these exceptions are inapplicable.

In opposition to the motions, plaintiff argues that pursuant to Multiple Dwelling Law § 78, E&M had a non-delegable duty to maintain the premises in a reasonably safe condition. However, Multiple Dwelling Law § 78 does not apply because the accident occurred as a result of the means and methods of the work, not due to a condition of the premises (*see Lombardi v Stout*, 80 NY2d 290, 295 [1992]).

Nor can plaintiff avail himself of the inherently dangerous exception, which cannot be applied unless a risk inherent in the nature of the procedures is apparent or contemplated by the employer (*see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 669-670 [1992]). Here, the risk arose from the manner in which the work was performed and the accident was the result of ordinary negligence (*see Chainani v Board of Educ. of City of N.Y.*, 87 NY2d 370, 381 [1995]; *Goodman v 78 W. 47th St. Corp.*, 253 AD2d 384, 387 [1998]).

Plaintiff's contention that issues of fact exist as to whether E&M or its principal were negligent in selecting the salvager, i.e. whether they failed to exercise reasonable care in ascertaining whether he was qualified to move a refrigerator down a flight of stairs, is also unavailing. "[A]n employer has the right to rely on the supposed qualifications and good character of the contractor, and is not bound to anticipate misconduct on the contractor's part . . . ." (*Maristany v Patient Support Servs.*, 264 AD2d 302, 303 [1st Dept 1999].) Thus, an employer "is not liable on the ground of his having employed an incompetent or otherwise unsuitable contractor unless it also appears that the employer either knew, or in the exercise of reasonable care

might have ascertained, that the contractor was not properly qualified to undertake the work" (*id.*). "Cases finding employers liable for negligent hiring have done so only in very specific circumstances" (*id.*) not present here. There is no competent proof that E&M knew or should have known of any propensity on the part of the salvager or his helper to engage in the conduct that allegedly caused the accident (*see Schiffer v Sunrise Removal, Inc.*, 62 AD3d 776, 779 [2d Dept 2009]). Furthermore, plaintiff has not shown that E&M had any reason to question the qualifications of the salvager, who E&M knew had been used by its plumber on a prior occasion, to move a refrigerator (*see Liberty Mut. Fire Ins. Co. v Akindele*, 65 AD3d 673, 674 [2d Dept 2009]). Moreover, there was no reason for E&M to suspect that the salvager would enlist an employee of the roofing contractor to assist him.

The denial of the cross motion to amend the complaint to add a cause of action alleging a violation of Labor Law § 240 (1) was not an improvident exercise of discretion. Labor Law § 240 (1) does not apply because plaintiff was a volunteer, not an "employee," when he was injured (*see Stringer v Musacchia*, 11 NY3d 212, 213 [2008]). Notably, no one directed plaintiff to help move the refrigerator. Rather, the salvager and his helper asked plaintiff to help, and he agreed to do so of his own accord. Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Gische, JJ.