■ ROSALINA ALVES, Appellant, v GHAZARYAN PETIK, Defendant, and VITAL TRANSPORTATION, INC., Respondent. [23 NYS3d 883]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered October 22, 2014, which, insofar as appealed from, in this action for personal injuries sustained by plaintiff pedestrian when she was struck by a vehicle operated by defendant Ghazaryan Petik, granted the motion of defendant Vital Transportation, Inc. (Vital) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

The motion court properly found that Petik was an independent contractor of Vital, a car dispatch company. The record shows that Petik worked without a schedule, at his own convenience, was free to work for competitors, and did not receive a fixed salary or any benefits (*see Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]). Petik was responsible for his own vehicle, its maintenance, gas, and other needs, and was not required to accept any particular dispatch (*see Chaouni v Ali*, 105 AD3d 424 [1st Dept 2013]). That there was a handbook containing, inter alia, a general dress code enforced by a committee of fellow drivers, is insufficient to raise an issue of fact. At most, it "is indicative of mere incidental or general supervisory control that does not rise to the level of an employer-employee relationship" (*id.* at 425 [internal quotation marks omitted]). Concur—Saxe, J.P., Moskowitz, Richter and Feinman, JJ.