McHale v Metropolitan Life Ins. Co. (2018 NY Slip Op 06895)





McHale v Metropolitan Life Ins. Co.


2018 NY Slip Op 06895


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-07350
 (Index No. 605844/15)

[*1]James McHale, et al., appellants, 
v
Metropolitan Life Insurance Company, respondent, et al., defendants.


Wisell, McGee & Romano, LLP, Kew Gardens, NY (Michael J. Romano of counsel), for appellants.
Rivkin Radler LLP, Uniondale, NY (Norman L. Tolle, Cheryl F. Korman, and Julie Ovicher of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered June 24, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant Metropolitan Life Insurance Company which was for leave to renew its prior motion to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211(a), which motion had been denied in an order of the same court entered March 15, 2016, and, upon renewal, granted the motion to dismiss the complaint insofar as asserted against it.
ORDERED that the order entered June 24, 2016, is affirmed insofar as appealed from, with costs.
The complaint alleges that the defendant "John Doe," a private investigator working as an employee or contractor of the defendant Scope Surveillance & Investigations, Inc. (hereinafter Scope), committed civil assault and battery against the plaintiffs. Prior to this alleged incident, the defendant Metropolitan Life Insurance Company (hereinafter MetLife) had contracted with Scope to provide investigative services in connection with claims made to MetLife. The plaintiffs alleged that Doe was investigating them in connection with a claim they had submitted to MetLife. The plaintiffs commenced this action against, among others, MetLife, Scope, and Doe alleging, inter alia, that MetLife was vicariously liable for the torts allegedly committed by Doe.
MetLife moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211(a)(1) and (7). Although the plaintiffs opposed MetLife's motion, they did not contend that it was untimely. Nevertheless, the Supreme Court, in an order entered March 15, 2016, denied MetLife's motion on the ground that it was untimely pursuant to CPLR 320(a) and 3211(e). MetLife moved, inter alia, for leave to renew its motion, proffering evidence that the plaintiffs had agreed to an extension of the time for MetLife to respond to their complaint. The court granted leave to renew and, upon renewal, granted MetLife's motion to dismiss the complaint insofar as asserted against it. The plaintiffs appeal. We affirm.
A motion for leave to renew "shall be based upon new facts not offered on the prior [*2]motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Ali v Verizon N.Y., Inc., 116 AD3d 722; Okumus v Living Room Steak House, Inc., 112 AD3d 799, 799). While a court has discretion to entertain a renewal motion based on facts known to the movant at the time that the original motion was made, the movant must set forth a reasonable justification for the failure to submit that information in the first instance (see United Med. Assoc., PLLC v Seneca Ins. Co., Inc., 125 AD3d 959, 960-961; Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 585-586; Yebo v Cuadra, 98 AD3d 504).
Here, MetLife proffered a reasonable justification for its omission of evidence of the extension of time by demonstrating that the issue of timeliness was raised sua sponte by the Supreme Court. Under these circumstances, the court providently exercised its discretion in granting MetLife leave to renew its motion to dismiss (see Candlewood Holdings, Inc. v Valle, 134 AD3d 872, 874; Argento v Wal-Mart Stores, Inc., 66 AD3d 930, 933).
" The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his [or her] servant within the scope of employment. Conversely, the general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts'" (Meehan v County of Suffolk, 144 AD3d 640, 641, quoting Rivera v Fenix Car Serv. Corp., 81 AD3d 622, 623; see Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 258; Gadson v City of New York, 156 AD3d 685, 686; Chichester v Wallace, 150 AD3d 1073, 1074). " The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the more important consideration'" (Raja v Big Geyser, Inc., 144 AD3d 1123, 1124, quoting Abouzeid v Grgas, 295 AD2d 376, 377). However, "[i]ncidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship" (Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1015 [internal quotation marks omitted]; see Matter of Ted Is Back Corp. [Roberts], 64 NY2d 725, 726; Raja v Big Geyser, Inc., 144 AD3d at 1124; see also Matter of New York City Asbestos Litig., 5 NY3d 486, 493-494).
Here, the contract between MetLife and Scope provided that Scope's "affiliates and agents" were "solely personnel of [Scope] and not MetLife," and that Scope would have "full responsibility for the actions and omissions of all personnel employed by [Scope] or any agents who are involved in performing the Services and for any losses arising therefrom." The contract likewise contained a clause in which Scope agreed to indemnify MetLife for, inter alia, losses resulting from "negligent or wrongful acts." Although, as the plaintiffs point out, a rider to the contract sets forth "Minimum Standards" for private investigators employed by Scope, "[t]he requirement that the work be done properly is a condition just as readily required of an independent contractor as of an employee and not conclusive as to either" (Matter of Yoga Vida NYC, Inc. [Commissioner of Labor], 28 NY3d 1013, 1016 [internal quotation marks omitted]; see Alves v Petik, 136 AD3d 426; Irrutia v Terrero, 227 AD2d 380, 381).
Since the contract between MetLife and Scope conclusively establishes that Scope, and therefore Doe, were independent contractors of Met Life, and because the plaintiffs failed to point to any relevant exception to the rule that an employer is not liable for the torts of an independent contractor (see Brothers v New York State Elec. & Gas Corp., 11 NY3d at 258), we agree with the Supreme Court's conclusion that the contract "resolve[d] all factual issues as a matter of law, and conclusively dispose[d] of the plaintiff[s'] claim[s]" against Met Life (Hohwald v Farm Family Cas. Ins. Co., 155 AD3d 1009, 1010 [internal quotation marks omitted]; Greenberg v Spitzer, 155 AD3d 27, 44 [internal quotation marks omitted]). Likewise, we agree with the court's conclusion that because the complaint contained no allegations that MetLife was aware of any propensity of Scope or its agents to engage in the conduct which caused the plaintiffs' alleged injuries, the complaint failed to state a cause of action to recover damages for negligent hiring (see Weinfeld v HR Photography, Inc., 149 AD3d at 1015-1016; Nelson v E & M 2710 Clarendon LLC, 129 AD3d 568, 569-570; Saint Robert v BHAP Hous. Dev. Fund Co., 124 AD3d 752, 753).
Since the plaintiffs' causes of action alleging loss of consortium are derivative in nature, we agree with the Supreme Court's finding that the dismissal of the plaintiffs' three primary causes of action mandated dismissal of their loss of consortium causes of action insofar as asserted against Met Life (see Taggart v Costabile, 131 AD3d 243, 257; Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 711; Paisley v Coin Device Corp., 5 AD3d 748, 750).
The plaintiffs' remaining contention is without merit (see Spring v County of Monroe, 151 AD3d 1694, 1696; Englert v Schaffer, 61 AD3d 1362, 1363; Soscia v Soscia, 35 AD3d 841, 843).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court