■ MICHAEL J. LA MANNA, Appellant, v PAUL E. COLUCCI, Doing Business as PAUL E. COLUCCI EXCAVATING COMPANY, Appellant, and STEWART-SCOTT ASSOCIATES, INC., et al., Respondents, et al., Defendant.—Levine, J. Appeal from a judgment of the Supreme Court (Vogt, J.), in favor of defendants Stewart-Scott Associates, Inc., and Louis Benson, entered March 18, 1987 in Ulster County, upon a dismissal of the complaint against them at the close of the evidence.

In September 1983, defendant Stewart-Scott Associates, Inc. (hereinafter Stewart-Scott) was a general contractor at a jobsite on Mill Street in the City of Poughkeepsie, Dutchess County, where a building was being renovated into apartments. Defendant Louis Benson was the construction superintendent for Stewart-Scott. Defendant Paul E. Colucci, doing business as Paul E. Colucci Excavating Company (hereinafter Colucci), was a subcontractor at the site.

On September 28, 1983, Benson and Colucci discussed the

necessity to clean up the site and remove debris which had accumulated during the renovation. Colucci was to transport reusable materials, including some steel I-beams, to Stewart-Scott's storage site on Cedar Avenue. Benson also agreed to let Colucci keep the largest (20-foot) beam in exchange for some gravel Colucci had delivered. During the course of the morning the steel beams and other materials were loaded on Colucci's trailer and secured with chains. According to testimony in the record, one chain at the head of the trailer secured the 20-foot beam, which was propped up on the headboard and extended several feet off the rear of the trailer bed. Several additional chains were used to secure the rest of the load which consisted of 5 to 10 steel beams, blocks, plywood and rolls of fencing.

Colucci and his brother-in-law, defendant John Shand, drove the loaded trailer to Cedar Avenue around noontime. Colucci testified that he did not undo the chain holding the long beam when he and Shand unloaded the trailer. After everything else was removed, Colucci visually checked to make sure that the long beam, and a second smaller beam, were secure for the drive back to Mill Street. He put on another chain toward the rear of the trailer just to be sure. When Colucci returned to Mill Street, he observed that the load had not shifted.

At the end of the workday Colucci returned to his trailer and again visually inspected the beam and the chains to satisfy himself that they were secure. Shand agreed to follow the trailer in a pickup truck as Colucci drove to his home in the Town of Gardiner, Ulster County.

While en route to his home, Colucci's trailer entered a right-hand curve just as plaintiff was traveling in the opposite direction on the same curve. Plaintiff saw the beam extending off Colucci's trailer into his lane at a 45-degree angle. Plaintiff steered his car to the right, applied his brakes, and laid down on the seat when he saw the beam coming at him. The beam struck the vehicle, resulting in serious injuries to plaintiff.

Subsequently, plaintiff commenced an action against defendants alleging, *inter alia,* negligence against Stewart-Scott and Benson in loading and securing the beam, in supervising the jobsite, and in hiring an incompetent hauling subcontractor. The case was tried before a jury at which the aforementioned facts were adduced. At the close of all the evidence, Supreme Court granted a motion by Stewart-Scott and Benson to dismiss the action against them as a matter of law. The jury subsequently returned a verdict finding Colucci 100% liable

for plaintiff's injuries. This appeal by plaintiff and Colucci (hereinafter collectively referred to as appellants) is from that part of the judgment dismissing the complaint against Stewart-Scott and Benson (hereinafter collectively referred to as respondents).

Appellants contend that Supreme Court erred in dismissing the complaint against respondents since the evidence, viewed most favorably to appellants, provided rational means by which a jury could have found respondents liable based upon their negligence (see, 4 Weinstein-Korn-Miller, NY Civ Prac ¶¶ 4401.14-4401.15).

Initially, we note that no one was able to identify who actually loaded the trailer or secured the material with chains, although the testimony assumes that Stewart-Scott's employees assisted. However, even accepting that inference as true, there is no evidence indicating that Stewart-Scott's employees were negligent in securing the entire load for the purpose of its transportation to the storage lot on Cedar Avenue. According to Colucci's own testimony, the long beam was positioned lengthwise on the center of the trailer with the other beams on either side of it. In addition there were blocks and plywood and fencing piled toward the rear of the trailer. Nothing in the proof adduced at trial evidences that the original loading of the trailer was done negligently or that the long beam was anything but fully secured among the other beams and materials on the trailer. Moreover, there is no evidence whatsoever showing that the individuals who loaded the trailer knew that the one beam would not be unloaded at Cedar Avenue. Likewise, it was not foreseeable that Colucci would fail to adequately resecure this beam when it was the only item left on the trailer (cf., Mack v Altmans Stage Light. Co., 98 AD2d 468, 470-473 [a defendant will not be liable where an injury results from subsequent negligent acts by others which are not foreseeable]).

Appellants further contend that respondents' negligence was established by proof supporting an inference that the beam came loose at the head of the trailer, where the only chain securing that end was attached by Stewart-Scott employees. We disagree. Neither Colucci, Shand nor plaintiff could identify which end of the beam came off the trailer. Nor was there testimony that any of the chains had broken or any other evidence as to how the accident occurred. Hence, appellants' proof was insufficient to support even an inference that the accident was traceable to a negligent act by Stewart-Scott employees.

In our view, once the trailer was unloaded at Cedar Avenue, Colucci, as an independent contractor transporting a steel beam belonging to him, had the duty to adequately secure the beam once it was the only cargo on his trailer. Colucci's failure to do this is in no way attributable to respondents. Thus, we agree with Supreme Court that based on the evidence presented, and viewing it in a light most favorable to appellants, a jury could not have rationally found that the accident was proximately caused by any negligence on the part of respondents or one of their employees. Hence their motion was properly granted *(see, Sheehan v City of New York,* 40 NY2d 496, 502).

Plaintiff also contends that respondents' liability could have been predicated upon their failure to hire a competent hauling subcontractor. The only evidence in the record to support the contention that Colucci was not competent to haul beams is Colucci's testimony that he "doesn't recall" hauling beams in the past. There was no proof of respondents' awareness of any inexperience on Colucci's part as to hauling beams. Colucci was apparently an established excavator and presumably was experienced in hauling the various kinds of debris and materials from jobsites *(see,* 3 NY Jur 2d, Agency and Independent Contractors, § 343, at 168-169). The evidence was thus legally insufficient to support a finding of liability on this theory.

We have considered appellants' other contentions and find them to be without merit. Any defect in the form of the questions submitted to the jury for special findings as to proximate cause, as alluded to by the dissent, was not objected to at trial or raised as an issue on appeal. Therefore, it is not properly before us.

Judgment affirmed, with costs. Weiss, Levine and Mercure, JJ., concur.

Mahoney, P. J., and Kane, J., dissent and vote to reverse in a memorandum by Kane, J. Kane, J. (dissenting). In our view, the judgment appealed from should be reversed and a new trial granted. There is ample evidence in this record for a jury to find negligence on the part of Stewart-Scott which was a proximate cause of this accident. The testimony of Brian Mitchell, an employee of Colucci, established that employees of Stewart-Scott selected the method by which the 20-foot I-beam was affixed to the trailer. They also applied the wrap-around technique in securing the beam with a chain and binder near the headboard of the trailer. There is no evidence

in this record that their installation was disturbed by Colucci or any of his employees before it came loose from the trailer as it rounded a curve and ascending grade at the scene of the accident. Therefore, in our view, the jury could assign some degree of responsibility for the dislodging of the beam to Stewart-Scott because of its part in the initial, undisturbed method of affixing the 20-foot beam to the trailer, regardless of any part played by Colucci or his employees.

Consequently, this accident could be found to be a natural and foreseeable consequence of circumstances created by Stewart-Scott, through its superintendent Benson, when he directed Colucci to remove the debris, including the 20-foot beam, from the Mill Street construction site to the storage yard on Cedar Avenue in consideration of a load of bank run gravel previously delivered to another work site by Colucci for Stewart-Scott. Under these circumstances, the actions of Colucci and Shand in unloading the debris at Cedar Avenue and providing additional chains to secure the remaining load should not be held, as a matter of law, to be intervening acts of such an extraordinary nature as to provide a superseding cause to attenuate any prior act of negligence by Stewart-Scott and relieve it of liability *(see, Kush v City of Buffalo,* 59 NY2d 26). It is for the jury to determine whether Stewart-Scott was negligent and if that negligence was a cause of the ensuing accident *(see, Fuller v Preis,* 35 NY2d 425), for, of course, and as stated by Supreme Court in its charge to the jury, there may be more than one proximate cause of an accident *(see, Gill v Falkowski,* 69 AD2d 934, *appeal dismissed* 47 NY2d 1012).

Therefore, it necessarily follows that the form of the questions submitted by Supreme Court for special findings as to the negligence of the remaining defendants, Colucci and Shand, was improper. In each instance, the requested special finding inquired whether negligence found as to a defendant was *the* proximate cause of the accident. Thus, the jury was required to choose between either Colucci or Shand in making its determination of liability, a choice which, in our view, was predetermined by the court's charge that the jury could apply the rule of res ipsa loquitur to the actions of Colucci. This error is compounded by the added issue of Benson's underlying statutory liability for any negligence the jury could have found on the part of Shand *(see,* Vehicle and Traffic Law § 388). For, although the complaint had been dismissed as to Benson, a finding of some liability on the part of Shand would add yet another dimension to the size of an ultimate award to

plaintiff. Furthermore, in our view the court's error in its request for special findings was fundamental under the circumstances; therefore, the absence of any timely objections does not preclude a consideration of the error in the general exercise of this court's power to reverse on this issue in the interest of justice *(see, Decker v Rassaert,* 131 AD2d 626, 627; *Dance v Town of Southampton,* 95 AD2d 442, 449-450).