■ SANTIAGO MARISTANY et al., Respondents, v PATIENT SUP-PORT SERVICES, INC., Appellant, and CONNIE TERRY, Respondent, et al., Defendants. [693 NYS2d 143] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered October 26, 1998, which denied the motion of defendant Patient Support Services (PSS) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

By contract dated January 29, 1994, plaintiff Margarita Maristany retained the services of PSS to furnish a night-shift (8:00 P.M. to 8:00 A.M.) attendant for her husband Santiago, a post-operative brain surgery patient at defendant Presbyterian Hospital. That contract provided in relevant part, verbatim, as follows: "P.S.S., Inc. only service obligation is to arrange for a qualified caregiver in the skill listed above. Such caregiver shall perform only services commonly provided by persons of the skill listed above. *Caregiver* is *not* an *employee* of P.S.S., Inc. rather *functions as an independent contractor* and therefor shall be under the direct supervision of the physicians and referring agency/registry. *P.S.S., Inc. acts as a conduit* between all parties concerned and *assumes no responsibility or liability for any act or omission* in connection with the *performance* of the *services*." (Emphasis added.)

Pursuant to the contract, PSS arranged with defendant Terry to attend Santiago throughout the night of February 29, 1994. Although Margarita contends that she informed PSS that her husband was "confused and combative" after the surgery, Terry denies that this information was transmitted to her either by PSS or the hospital nursing staff.

At approximately 10:00 P.M. Terry assisted a hospital nurse in placing Santiago into a Posey restraining vest. At approximately 3:30 A.M. Terry returned from a break to find Santiago extremely agitated. Terry sought assistance and tried to restrain the patient physically, but he escaped from the vest, clambered over the rails, and fell onto the floor, sustaining serious injury.

Plaintiffs do not seriously contest that Terry's status was that of an independent contractor, and not an employee. While an employer is generally not liable for the torts or negligent acts of an independent contractor under the doctrine of respondeat superior, the common law has developed certain recognized exceptions that fall roughly into three categories: (1) negligence of an employer in selecting, instructing or supervis-

ing the contractor, (2) employment for work that is especially or "inherently" dangerous, and (3) instances in which the employer is under a nondelegable duty.

## Negligent Hiring Claim

Plaintiffs' contention that this case comes under the first exception is without merit. Since an employer has the right to rely on the supposed qualifications and good character of the contractor, and is not bound to anticipate misconduct on the contractor's part, the employer is not liable on the ground of his having employed an incompetent or otherwise unsuitable contractor unless it also appears that the employer either knew, or in the exercise of reasonable care might have ascertained, that the contractor was not properly qualified to undertake the work (*La Manna v Colucci*, 138 AD2d 901, 904, *affd* 73 NY2d 898).

Here there is no competent proof that PSS had any reason to question Terry's qualifications. Despite plaintiffs' disparagement, Terry was neither inexperienced nor untrained. At the time of the incident, Terry had her qualifying certificate for over 10 years. She had received training in the use of Posey restraints, and had previously cared for patients whose condition required these restraints. More importantly, she had been working with PSS for almost two years. Because she had previously worked for PSS and had given no indication that she was incompetent, there is no viability to the claim that PSS was negligent in assigning her to the care of Santiago (*Hesch v Seavey*, 188 AD2d 808, 810).

Cases finding employers liable for negligent hiring have done so only in very specific circumstances, none of which are even arguably present here (*see, Vanderhule v Berinstein*, 285 App Div 290, *amended on other grounds* 284 App Div 1089 [employer knew or should have known of employee's vicious propensities]; *Weiss v Furniture-In-The-Raw*, 62 Misc 2d 283 [employer liable for theft committed by unknown teenager hired off the street]).

## Special Dangers Exception

Another exception argued by plaintiffs rests on the principle that one who employs an independent contractor to do work which the employer knows involves special dangers inherent in the work is subject to liability for injuries caused by the failure of an independent contractor to take reasonable precautions against such danger. This category is inapplicable here (*see, Chainani v Board of Educ.*, 87 NY2d 370; *Rosenberg v Equitable Life Assur. Socy.*, 79 NY2d 663; *cf., Reid v Styco of Rochester*, 214 AD2d 955). The job of caring for Santiago was not any

more dangerous than many typical nursing assignments, and does not rise to the level to which this exception has generally been applied (*Beck v Woodward Affiliates*, 226 AD2d 328; *Janice v State of New York*, 201 Misc 915).

Nondelegable Duty

The third category of exception applies when "the responsibility is so important to the community that the employer should not be permitted to transfer it to another." (Prosser and Keeton, Torts § 71, at 512 [5th ed].) This is generally applied either to statutorily imposed duties or to obligations widely assumed by the public to be imposed by the nature of the employment (*see, Kleeman v Rheingold*, 81 NY2d 270), and is clearly inapplicable here.

Terry's position on this appeal, in opposition to PSS's argument for summary judgment—that she might have taken different steps had she been properly informed by PSS, and that this omission raises a triable issue—is unavailing, given that she learned upon her initial entry into the patient's room of his need for physical restraint, and remained on duty at least five hours before the incident occurred. No showing is made that Terry's actions would in any way have been affected or altered had she had been alerted about Santiago's potential for agitation and aggressiveness. Concur—Ellerin, P. J., Tom, Wallach and Friedman, JJ.