■ BARBARA LEIFER-WOODS, Appellant, v ANGELA EDWARDS et al., Respondents, et al., Defendant. (And Third-Party Actions.) [722 NYS2d 43] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Barron, J.), dated November 3, 1999, as granted those branches of the separate motions of the defendants Angela Edwards, Progressive Home Health Services, Inc., and Progressive Personnel, Inc., and the defendant B.P. H.A.N.D. Corp., Inc., d/b/a West End Garden Apartments, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's decedent was struck by a motorized wheelchair operated by John Dawes, who has multiple sclerosis. The defendant Angela Edwards was Dawes's home health aide at the time of the accident, and Progressive Home Health Services, Inc., and Progressive Personnel, Inc. (hereinafter collectively Progressive), were Edwards's employers. The accident occurred in an apartment building managed and owned by the defendant B.P. H.A.N.D. Corp., Inc., d/b/a West End Garden Apartments (hereinafter B.P. H.A.N.D.), where both the plaintiff's decedent and Dawes were tenants.

In support of their motion for summary judgment, Progressive and Edwards established that they had no duty to control Dawes' conduct. In response, the plaintiff failed to raise a triable issue of fact. Absent a special relationship between a defendant and a third person, there is no duty on the part of the defendant to control the conduct of that third person so as to prevent him or her from causing physical harm to another (see, *Wagshall v Wagshall,* 148 AD2d 445; see also, Restatement [Second] of Torts § 315). While Progressive and Edwards had a duty to provide care to Dawes, they did not have custody of Dawes and they had no duty to control his use of the motorized wheelchair, which he operated by himself (see, *D'Amico v*

*Christie,* 71 NY2d 76, 88-89; *Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8-9). Moreover, the plaintiff failed to raise a triable issue of fact that the accident was the result of improper care given to Dawes by Progressive or Edwards or that Progressive or Edwards had a duty to protect the plaintiff's decedent from third parties (*see, Purdy v Public Adm'r of County of Westchester, supra*).

B.P. H.A.N.D. established that it did not have notice of Dawes's alleged dangerous operation of the wheelchair, entitling it to summary judgment. The plaintiff failed to raise a triable issue of fact on this issue (*see, Duarte v East Hills Constr. Corp.,* 274 AD2d 493).

The plaintiff's remaining contentions are academic in light of our determination. S. Miller, J. P., Friedmann, H. Miller and Smith, JJ., concur.