■ HERMINIO TORRES et al., Appellants, v ALLIED TUBE & CONDUIT et al., Respondents. (And a Third-Party Action.) CRESCO LINES, Third Third-Party Plaintiff-Respondent, v QUALITY INDUSTRIES, Third Third-Party Defendant-Respondent. (And Another Action.) [721 NYS2d 655] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered October 6, 1999, which, in an action for personal injuries sustained by plaintiff while unloading bundles of pipes from a truck, granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to reinstate the common-law negligence claim as against defendant Cresco Lines insofar as it is based on the alleged defects in its delivery truck that prevented the installation of vertical restraints on the truck's side, and otherwise affirmed, without costs.

Defendant Allied Tube & Conduit, who sold and shipped the pipes to plaintiff's employer, is not vicariously liable for the alleged negligence of defendant Cresco Lines, the carrier, in supervising the loading of the pipes by the employees of defendant Quality, from whose premises the pipes were shipped. The contract between Allied and Cresco did not give Allied the right to control the detail or manner of Cresco's work and otherwise makes it clear that Cresco was an independent contractor. Plaintiff's various arguments for avoiding the general rule that an employer of a general contractor is not liable for the latter's negligence are unpersuasive. Even assuming that the exception to this general rule for inherently dangerous activities can avail a person such as plaintiff who is covered by workers' compensation (*but see, Whitaker v Norman,* 75 NY2d 779, 782), no facts are adduced raising an issue as to whether the unloading of bundles of pipe from a truck is work that is dangerous even if all available precautions are taken (*see, Chainani v Board of Educ.,* 87 NY2d 370, 381). There is no merit to plaintiff's claim that New York recognizes a "long term contract" exception to the general rule, and we reject it. Plaintiff's subjective belief that a shipment from Cresco was the same as a shipment from Allied does not make it so, and plaintiff's assertion that his employer, third-party defendant HTS Racks, came to rely on Allied's and/or Cresco's provision of a kangaroo crane because it was "always" provided is belied by uncontradicted evidence that a prior Allied delivery was manually unloaded, that HTS agreed in advance to manually unload the instant delivery and that HTS hired laborers from

defendant Blass Employment Corp. for that purpose. Absent a basis for holding Allied vicariously liable for Cresco's alleged negligence, the claims against it were properly dismissed (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877).

No facts are adduced tending to show that plaintiff's injuries were proximately caused by the manner in which the truck was loaded, as might support negligence claims against Cresco or Quality. The opinion of plaintiff's expert to the effect that there was such a causal relationship is pure speculation. Nor is there any competent expert evidence to contradict defendants' evidence that the 21-foot long pipes were beyond the safe working capacity of a kangaroo crane. Plaintiff cannot prove otherwise by relying on an alleged prior use of the crane, since a prior misuse cannot negate a dangerous reuse of equipment.

The complaint was properly dismissed as against Blass, since even if one of its employees were negligent in cutting the strap that held the bundle of pipes that fell off the truck onto plaintiff's foot, the employee was acting as a special employee of HTS, relieving Blass of liability for his negligence (*see, Comes v New York State Elec. & Gas Corp., supra*).

However, the order should be modified to reinstate plaintiff's common-law negligence claim against Cresco to the extent that it is based on the alleged defects in its truck that prevented the installation of vertical restraints on its side, as to which issues of fact exist.

We have considered plaintiff's other arguments and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Williams, Mazzarelli and Friedman, JJ.