■ RUSSELL PORTER et al., Appellants, v THOMAS H. MILHORAT et al., Respondents. [757 NYS2d 448] —In an action to recover damages for medical malpractice, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Levine, J.), dated November 16, 2001, as granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought recovery pursuant to the doctrine of res ipsa loquitur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied in its entirety.

The defendants moved for summary judgment dismissing so much of the complaint as sought recovery pursuant to the doctrine of res ipsa loquitur. However, in support of their motion, the defendants failed to proffer prima facie evidence (1) that the injury at issue was one that might ordinarily occur even in the absence of negligence, or (2) that the injury was not caused by an agency or instrumentality within the exclusive control of the defendants, or (3) that the injury was due to a voluntary action or contribution on the part of the plaintiffs (*see Kambat v St. Francis Hosp.*, 89 NY2d 489 [1997]; *Hawkins v Brooklyn-Caledonian Hosp.*, 239 AD2d 549 [1997]; *Abbott v New Rochelle Hosp. Med. Ctr.*, 141 AD2d 589 [1988]). In any event, even assuming that the defendants did establish a prima facie case, the expert testimony proffered by the plaintiffs in opposition to the motion was sufficient to raise triable issues of fact as to the application of the doctrine (*see Rosarky v Rifkin*, 297 AD2d 795 [2002]). Accordingly, the motion should have been denied. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.