■ ARSENIO MONCION et al., Respondents, v INFRA-METALS CORP., DIVISION OF PREUSSAG INTERNATIONAL Co., et al., Appellants, and ANGEL FIGUERO et al., Respondents. ARSENIO MONCION et al., Respondents, v INFRA-METALS CORP., DIVISION OF PREUSSAG INTERNATIONAL Co., Defendant, and HUNTERSPOINT STEEL COMPANY, Appellant, and ANGEL L. FIGUERO et al., Respondents. (And a Third-Party Action.) [800 NYS2d 381]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered February 3, 2004, which, in an action for personal injuries, denied the motions by defendants Infra-Metals Corp. and Hunterspoint Steel Company for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to the extent of granting defendant Infra-Metals Corp.'s motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of said defendant dismissing the complaint as against it. Appeal from order, same court (Dianne T. Renwick, J.), entered September 8, 2003, which denied a motion by defendants Fenton and Figuero for summary judgment dismissing the complaint as against them, unanimously dismissed, without costs.

Infra-Metals Corp. (Infra-Metals) is a steel distributor whose employees loaded steel on a tractor trailer to be delivered to Hunterspoint Steel Company (Hunterspoint), a steel distributor, then to Koenig Iron Works, Inc. (Koenig), and finally to two nonparty companies. Angel Figuero was the operator of the tractor trailer for Fenton Trucking. It is undisputed that the steel was loaded out of sequence in that the delivery going to Hunterspoint was not at the top of the load.

After the metal was loaded at Infra-Metals, Figuero secured the load and checked that it was safe. He stopped several times along the route to inspect the load to ensure its safety during transport. He arrived at Hunterspoint where he took off the chains securing the steel. The steel was then unloaded by forklift by Hunterspoint employee Christopher Nicotra. Nicotra testified that the cargo was safe to unload despite being out of sequence. After the steel was unloaded at Hunterspoint and the non-Hunterspoint material was reloaded, Figuero secured and inspected the load to ensure its safety before he left for Koenig.

Plaintiff Arsenio Moncion was employed by Koenig. He was injured when he was struck by steel beams that rolled off the truck as it was being unloaded at Koenig, the second delivery stop.

"Where the evidence as to the cause of the accident . . . is undisputed, the question as to whether any act or omission of the defendant was a proximate cause thereof is one for the court and not for the jury" (*Rivera v City of New York*, 11 NY2d 856, 857 [1962]). There is no dispute that plaintiff was injured due to steel beams cascading off the tractor trailer after the steel had been reloaded by employees of Hunterspoint. At issue is the question of Infra-Metals' negligence. While there is a question

of fact as to the negligence of Hunterspoint, there simply is no evidence of negligence by Infra-Metals. Nothing in the record evidences that the original loading was done negligently or that the steel was improperly secured when it left Infra-Metals (*see La Manna v Colucci,* 138 AD2d 901, 903 [1988], *affd* 73 NY2d 898 [1989]). There is no support cited in the expert's report for the conclusion that Infra-Metals was negligent in failing to stack the steel in job order. Indeed, Infra-Metals violated no rule, code or regulation by stacking the steel not in order of delivery; it merely inconvenienced its customers.

Furthermore, as this Court has stated: "To establish a claim in negligence, plaintiff must show that the defendant owed [him] a duty to protect [him] from injury; a duty that only arises when the risk of harm is reasonably foreseeable. Foreseeability of risk is an essential element of a negligence cause of action because a person can only be 'negligent' when the event giving rise to the injury could have been reasonably anticipated—and thus avoided with the exercise of appropriate care. Thus the risk of injury as a result of defendant's conduct must not be merely possible, it must be natural or probable" (*Pinero v Rite Aid of N.Y.,* 294 AD2d 251, 252 [2002], *affd* 99 NY2d 541 [2002] [citations omitted]). The failure to stack the beams in order of their delivery did not give rise to the probability that plaintiff would be injured during the unloading at Koenig after Hunterspoint reloaded the beams, regardless of whether Hunterspoint reloaded them improperly, Koenig unloaded the steel improperly, or whether Figuero secured or inspected the beams improperly.

At most, Infra-Metals' failure to stack the beams in order "merely furnished the condition or occasion for the occurrence of the event rather than one of its causes" (*Sheehan v City of New York,* 40 NY2d 496, 503 [1976]). It did not cause or create any dangerous condition that was a proximate cause of plaintiff's injuries.*

We have considered Hunterspoint's other arguments and find them unavailing.

Hunterspoint's appeal from the order denying Fenton's and Figuero's motion for summary judgment dismissing the complaint against them must be dismissed as Hunterspoint, which opposed the motion, is not an aggrieved party (CPLR 5511; *Tower Ins. Co. of N.Y. v Skate Key,* 273 AD2d 157 [2000]).

---

* Indeed, had Infra-Metals stacked the beams in order of delivery, and Hunterspoint unloaded and improperly reloaded them, there would be no cause to examine Infra-Metals' liability. Even if plaintiff's accident were more probable than possible, there was no way for Infra-Metals to take appropriate care to avoid any negligence on the part of Hunterspoint, Figuero or Koenig.

To the extent that Hunterspoint seeks review of the prior order because of its failure to address the issue of whether Fenton or Figuero was actively negligent, such omission does not provide a basis for the requested review (*see Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]). Concur— Mazzarelli, J.P., Marlow, Williams, Gonzalez and Catterson, JJ.