■ PATRICIA TYNDALE, Appellant, v ST. FRANCIS HOSPITAL et al., Respondents. [886 NYS2d 51]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated May 16, 2008, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff was provided with a chair to use while she waited in a hallway outside an area of the hospital where her mother was undergoing diagnostic tests. Immediately prior, the chair had been located in an office. The chair collapsed when the plaintiff sat on it, causing the plaintiff to fall and sustain injuries. The plaintiff thereafter commenced this action to recover damages for negligence and alleging the applicability of the doctrine of res ipsa loquitur.

The defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that res ipsa loquitur was inapplicable because the defendants did not have exclusive control over the subject chair (see Smalls v Mercy Med. Ctr., 50 AD3d 670 [2008]). The Supreme Court granted the motion. We reverse.

Res ipsa loquitur requires that "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (Dermatossian v New York City Tr. Auth., 67 NY2d 219, 226 [1986]).

The defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law. The evidence submitted by the defendants failed to establish as a matter of law that the defendants lacked exclusive control over the subject chair (see Smalls v Mercy Med. Ctr., 50 AD3d at 670-671; Finocchio v Crest Hollow Club at Woodbury, 184 AD2d 491 [1992]; cf. Loiacono v Stuyvesant Bagels, Inc., 29 AD3d 537 [2006]). Moreover, the evidence submitted by the defendants did not establish as a matter of law "that the injury at issue was one that might ordinarily occur even in the absence of negligence, or . . . that the injury was due to a voluntary action or contribution on the part of the plaintiffs" (Porter v Milhorat, 303 AD2d 736, 736

[2003]). Therefore, the Supreme Court erred in granting the defendants' motion for summary judgment (*id.*; *Smalls v Mercy Med. Ctr.*, 50 AD3d at 670-671). Mastro, J.P., Santucci, Eng and Lott, JJ., concur.