Maria Rosado, Plaintiff, and Theresa Christmas et al., Respondents, v State Material & Masonry Supply Corp., Appellant, et al., Defendants. [985 NYS2d 484]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about August 12, 2013, which, to the extent appealed from, denied defendant State Material & Masonry Supply Corp.'s motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

This personal injury action arises out of a fatal multi-vehicle accident in which a vehicle occupied by Theresa Foti Christmas and Charles Christmas and their children Theresa and Victoria, was struck by a tractor-trailer owned by defendant DTF Logistics, Inc. (DTF) and operated by DTF's owner, defendant Dimitrios Tseperkas. Of the members of the Christmas family, only the child Theresa survived. At the time of the accident, Tseperkas was transporting bricks for State Material from Maryland to New York.

State Material established prima facie that it was not negligent in retaining Tseperkas or DTF by submitting evidence that it had a long, successful relationship with Tseperkas, who had a valid commercial driver license and, at the time of the accident, was operating under DTF's status as a federally licensed "motor carrier" (see 49 CFR part 390 et seq.). Tseperkas, and later DTF, had hauled hundreds of loads of goods for State Material for more than 20 years without incident (see Maristany v Patient Support Servs., 264 AD2d 302, 303 [1st Dept 1999]; Toscarelli v Purdy, 217 AD2d 815 [3d Dept 1995]). State Material was not on notice of any propensity on Tseperkas's part to commit the acts alleged (see White v Hampton Mgt. Co. L.L.C., 35 AD3d 243, 244 [1st Dept 2006]).

In opposition, plaintiffs failed to raise a triable issue of fact. While State Material was, in its own right, a federally licensed

"motor carrier," authorized to use its own vehicles and drivers to transport goods interstate, it was acting as a "shipper" in the subject transaction (49 CFR 376.2 [k]; *see Camp v TNT Logistics Corp.*, 553 F3d 502, 507-508 [7th Cir 2009]; *Caballero v Archer*, 2007 WL 628755, *4-5, 2007 US Dist LEXIS 12271, *15-16 [WD Tex 2007]). State Material did not actually transport any goods. It retained DTF, a registered motor carrier for hire, and DTF provided its own truck and driver; nor did State Material instruct DTF in its work (*see Camp v TNT Logistics Corp.*, 553 F3d at 507-508). Accordingly, State Material had no duty here to make the inquiries required of a "motor carrier" (*see* 49 CFR 390.11, 391.1, 392.1), which could have created a duty to investigate (*see T.W. v City of New York*, 286 AD2d 243 [1st Dept 2001]). Concur—Mazzarelli, J.P., Sweeny, Andrias, Manzanet-Daniels and Kapnick, JJ.