■ FATIMA ASSIL, Respondent, v CAMBA, INC., Appellant, et al., Defendants. [24 NYS3d 516]—In an action to recover damages for personal injuries, the defendant Camba, Inc., appeals from much of an order of the Supreme Court, Kings County (Schmidt, J.), dated August 14, 2014, as denied that branch of its motion, made jointly with the defendant 2211 Church Avenue Realty, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured by a falling picture frame as she was entering a room inside office space leased by the defendant Camba, Inc. (hereinafter the appellant), located at 2211 Church Avenue in Brooklyn.

Contrary to the appellant's contention, the Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant. The plaintiff alleged in her pleadings that the appellant was liable under a theory of common-law negligence and the doctrine of res ipsa loquitur. The appellant failed to make a prima facie showing of its entitlement to judgment as a matter of law, as the evidence submitted in support of the motion failed to establish, prima facie, that the appellant lacked exclusive control over the subject picture frame (*see Tyndale v St. Francis Hosp.*, 65 AD3d 1133, 1134 [2009]; *Smalls v Mercy Med. Ctr.*, 50 AD3d 670, 670-671 [2008]; *Weeden v Armor El. Co.*, 97 AD2d 197, 206 [1983]). Furthermore, the appellant's submissions also failed to establish that it was entitled to summary judgment on the ground that the picture frame, as it was positioned on the date of the accident, did not constitute a dangerous condition or that the appellant did not create a dangerous condition.

Since the appellant failed to establish its prima facie entitle-

ment to judgment as a matter of law, the burden never shifted to the plaintiff to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellant. Dillon, J.P., Austin, Roman and Barros, JJ., concur.