(January 25, 2017)

■ Filippo Ciaravino et al., Appellants, v Bulldog National Logistics, LLC, et al., Defendants, and Bushwick Metals, Inc., et al., Respondents. [46 NYS3d 127]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Brandveen, J.), entered December 24, 2013, as granted that branch of the motion of the defendant Design Assistance Construction Systems, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, (2) so much of an order of the same court entered September 4, 2014, as denied their motion for leave to renew their opposition to that branch of the motion of the defendant Design Assistance Construction Systems, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and (3) so much of an order of the same court, also entered September 4, 2014, as granted that branch of the motion of the defendant Bushwick Metals, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The plaintiff Filippo Ciaravino (hereinafter the injured plaintiff) was injured while working for nonparty GCM Steel Products, Inc. (hereinafter GCM), when he allegedly was struck by metal decking that fell from a tractor-trailer delivery truck. The defendant Design Assistance Construction Systems, Inc. (hereinafter DACS), manufactured and shipped the decking to GCM, and the defendant Bushwick Metals, Inc. (hereinafter Bushwick), supplied steel to DACS.

The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries against DACS and Bushwick, among others, alleging liability under theories of common-law negligence and the doctrine of res ipsa loquitur. Following discovery, DACS moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs opposed the motion. In an order entered December 24, 2013, the Supreme Court granted that branch of DACS's motion. Subsequently, the plaintiffs moved for leave to renew their opposition to DACS's motion, submitting, for the first time, a report from an expert. Separately, Bushwick moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs opposed the motion, submitting the expert's report. In two orders, both entered September 4, 2014, the court, inter alia, denied the plaintiffs' motion for leave to renew and granted the relevant branch of Bushwick's motion. The plaintiffs appeal from each of the three orders.

The Supreme Court properly granted the branch of DACS's motion which was for summary judgment dismissing the complaint insofar as asserted against it. DACS demonstrated its prima facie entitlement to judgment as a matter of law by submitting the deposition testimony of its plant manager, which established, prima facie, that DACS did not breach a duty of care to the injured plaintiff (*see Moncion v Infra-Metals Corp., Div. of Preussag Intl. Co.*, 20 AD3d 310 [2005]; *La Manna v Colucci*, 138 AD2d 901 [1988], *affd* 73 NY2d 898 [1989]; *cf. Brownell v Blue Seal Feeds, Inc.*, 89 AD3d 1425 [2011]; *Farrington v Bovis Lend Lease LMB, Inc.*, 51 AD3d 624 [2008]). The evidence submitted by DACS further established that the doctrine of res ipsa loquitur did not apply (*see Kyte v Mid-Hudson Wendico*, 131 AD3d 452, 453 [2015]; *cf. Bucsko v Gordon*, 118 AD3d 653 [2014]). In opposition, the plaintiffs failed to raise a triable issue of fact (*cf. Fontanez v St. Barnabas Hosp.*, 38 AD3d 293 [2007]).

Furthermore, the Supreme Court properly denied the plaintiffs' motion for leave to renew their opposition to DACS's motion, as the newly submitted evidence would not have changed the prior determination (*see* CPLR 2221 [e] [2]; *Ginsburg Dev. Cos., LLC v Carbone*, 134 AD3d 890, 894 [2015]; *Sweeny v Millbrook Cent. Sch. Dist.*, 130 AD3d 1011 [2015]).

The Supreme Court also properly granted that branch of Bushwick's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Bushwick established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not perform the work that allegedly caused the injured plaintiff's accident, and exercised no control over the parties that allegedly performed that work (*see Kleeman v Rheingold*, 81 NY2d 270 [1993]; *Chou v A to Z Vending Serv. Corp.*, 36 AD3d 745 [2007]; *Torres v Allied Tube & Conduit*, 281 AD2d 243 [2001]). Bushwick also established, prima facie, that the doctrine of res ipsa loquitur did not apply, as it lacked exclusive control over the instrumentality that allegedly caused the injured plaintiff's injury (*cf. Assil v Camba, Inc.*, 136 AD3d 720 [2016]).

In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact as to whether Bushwick was vicariously liable (*see Teer v Queens-Long Is. Med. Group*, 303 AD2d 488 [2003]; *McGrath v United Hosp.*, 167 AD2d 518 [1990]). The evidence relied upon by the plaintiffs does not show the existence of "special circumstances in which there is sufficient authority and ability to control the conduct of third persons" (*Purdy v Public Adm'r of County of Westchester*, 72 NY2d 1, 8 [1988]; *see Malave v Lakeside Manor Homes for Adults, Inc.*, 105 AD3d 914 [2013]; *Leifer-Woods v Edwards*, 281 AD2d 462 [2001]), nor does it establish the essential elements of a joint venture agreement between Bushwick and DACS (*see Clarke v Sky Express, Inc.*, 118 AD3d 935 [2014]; *Maalin Bakodesh Socy. v Lasher*, 301 AD2d 634 [2003]; *McGrath v United Hosp.*, 167 AD2d at 519). In addition, the plaintiffs failed to raise a triable issue of fact as to whether the instrumentality that allegedly caused the injured plaintiff's injury was in Bushwick's exclusive control (*see Kyte v Mid-Hudson Wendico*, 131 AD3d at 453). Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.