Ciaravino v Bulldog Natl. Logistics, LLC (2017 NY Slip Op 00452)





Ciaravino v Bulldog Natl. Logistics, LLC


2017 NY Slip Op 00452


Decided on January 25, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-00358
 (Index No. 7463/11)

[*1]Filippo Ciaravino, et al., respondents, 
v
Bulldog National Logistics, LLC, et al., defendants, Gotta Run Trucking, LLC, et al., appellants.


Salter & Sachs, New York, NY (Gary C. Sachs of counsel), for appellants.
Law Office of Thomas F. Liotti, LLC, Garden City, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Gotta Run Trucking, LLC, and Bryon A. Pollard appeal from an order of the Supreme Court, Nassau County (Brandveen, J.), entered September 30, 2014, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff Filippo Ciaravino (hereinafter the injured plaintiff) was injured while working for nonparty GCM Steel Products, Inc., when he allegedly was struck by metal decking that fell from a tractor-trailer delivery truck owned by the defendant Gotta Run Trucking, LLC, and operated by the defendant Bryon A. Pollard (hereinafter together the Gotta Run defendants). The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries, alleging liability under theories of common-law negligence and the doctrine of res ipsa loquitur.
Following discovery, the Gotta Run defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion, and the Gotta Run defendants appeal.
The Gotta Run defendants failed to establish their prima facie entitlement to judgment as a matter of law, since they failed to proffer evidence (1) that the injury at issue was one that might ordinarily occur even in the absence of negligence, (2) that they lacked exclusive control of the agency or instrumentality that allegedly caused the injured plaintiff's injury, or (3) that the injury was due to a voluntary action or contribution on the part of the injured plaintiff (see Kambat v St. Francis Hosp., 89 NY2d 489; Assil v Camba, Inc., 136 AD3d 720; Porter v Milhorat, 303 AD2d 736).
Moreover, given the conflicting testimony as to how the accident occurred, the Gotta Run defendants failed to eliminate all triable issues of fact as to whether they were at fault in the [*2]happening of the accident (see Felix v Falletta Carting Corp., 131 AD3d 667, 668).
Since the Gotta Run defendants failed to meet their prima facie burden, their summary judgment motion was properly denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
HALL, J.P., HINDS-RADIX, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court