**Gayed v City of New York**

2025 NY Slip Op 30131(U)

January 14, 2025

Supreme Court, Kings County

Docket Number: Index No. 515160/2022

Judge: Devin P. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

**Supreme Court of the State of New York**
**County of Kings**

Part  LL1

ADEL GAYED AND MONA SOLIMAN,

Plaintiff,

against

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, NEW YORK CITY BOARD
OF EDUCATION, NEW YORK CITY SCHOOL
CONSTRUCTION AUTHORITY, CIVIL CONTRACTING
CORP., AND ADAMS EUROPEAN CONTRACTING INC.,

Defendants,

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, NEW YORK CITY BOARD
OF EDUCATION, NEW YORK CITY SCHOOL
CONSTRUCTION AUTHORITY, CIVIL CONTRACTING
CORP., AND ADAMS EUROPEAN CONTRACTING INC.,

Third-Party Plaintiffs,

against

TRIPLE H CONSTRUCTION INC.,

Third-Party Defendant.

**Index Number    515160/2022**
Seqs. 002, 004

# DECISION/ORDER

Recitation, as required by CPLR §2219 (a), of the papers
considered in the review of this Motion

**Papers Numbered**

| | |
|---|---|
| Notice of Motion and Affidavits Annexed . . . . | 1–2 |
| Order to Show Cause and Affidavits Annexed. | |
| Answering Affidavits . . . . . . . . . . . . . . . . . . . . | 3–4 |
| Replying Affidavits . . . . . . . . . . . . . . . . . . . . . | 5–6 |
| Exhibits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Var. |
| Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |

Upon the foregoing papers, plaintiffs'[1] motion for summary judgment (Seq. 002) and

defendants' motion for summary judgment (Seq. 004) are decided as follows:

---

[1] Where "plaintiff" is used singularly here it refers to Adel Gayed.

1

## Procedural History

Plaintiff commenced this Labor Law action for injuries he claims to have sustained on December 8, 2021, after he fell from the back of a flatbed truck while unloading window guards at 350 5th Avenue, Brooklyn, also known as M.S. 51 William Alexander Middle School (the premises). Plaintiff was employed by Triple H Construction Inc. (Triple H). Civil Contracting Corp. (Civil) was the general contractor at the site that sub-contracted plaintiff's employer. Civil was contracted by the New York City School Construction Authority (NYCSCA). On September 23, 2024, the parties entered into a stipulation of discontinuance as to Adam's European Contracting Inc. Prior to oral argument, motion sequences 005 and 006 were withdrawn.

## Factual Background

The facts underlying plaintiff's accident are largely undisputed. Triple H was engaged in the project of demolishing, removing, and installing windows and window guards at the premises. As part of his job duties, plaintiff was instructed to unload window guards from a truck, along with Triple H co-workers Rakesh Saory and Karma Karma. On prior occasions, a forklift had been used to unload the window guards from the truck (Gayed 50-h hearing at 111–112). However, on this date, the plaintiff and his co-workers were instructed to unload the window guards by hand (*id.*). Mr. Saory's and Mr. Karma's sworn statements claimed that the forklift was not working on the date of plaintiff's accident.

Plaintiff was standing atop the flatbed truck when his accident occurred. The window guards were ten to twelve feet long and weighed sixty to ninety pounds. The guards were stacked vertically in the truck and held in place by a strap, and the guards were at the same level as the plaintiff. After plaintiff and Mr. Saory had unloaded two or three guards, the remaining

2

[* 2]

stack slipped and pushed plaintiff from the truck. Plaintiff fell approximately four to five feet to the ground. While plaintiff was on the ground, one of the window guards fell on top of him. .

## Analysis

On a motion for summary judgment, the moving party bears the initial burden of making a prima facie showing that there are no triable issues of material fact (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]). Once a prima facie showing has been established, the burden shifts to the non-moving party to rebut the movant's showing such that a trial of the action is required (*Alvarez v Prospect Hospital*, 68 NY2d 320, 324 [1986]).

## Labor Law § 240 (1)

Liability under Labor Law § 240 (1) is "absolute" where the failure of a safety device enumerated by the statute is the proximate cause of the plaintiff's accident (*Blake v Neighborhood Hous. Services of New York City, Inc.*, 1 N.Y.3d 280, 287 [2003] [citing *Haimes v. New York Tel. Co.*, 46 N.Y.2d 132, 136 (1978) and *Ross v Curtis–Palmer Hydro–Elec. Co.*, 81 N.Y.2d 494, 500 (1993)]).

Plaintiff contends that he was struck by a falling object (the unsecured window guards) and pushed from the truck, where he was subsequently struck by additional window guards that fell from the back of the truck. In *Rodriguez v D&S Builders*, the Appellate Division, Second Department found that a plaintiff was not entitled to summary judgment on his Labor Law § 240 (1) claim when he fell from a flatbed truck after being struck and pushed by concrete forms that were level with him on the truck (98 AD3d 957 [2d Dept 2012]; *see also Toefer v Long Island Railroad*, 4 NY3d 399 [2005], *Jacome v State of New York*, 266 AD2d 345 [2d Dept 1999]).

Unlike *Rodriguez*, in this action, plaintiff alleges that he was not merely pushed off of a flat truck but was afterwards struck by falling window guards. Plaintiff cites *Farrington v Bovis*,

3

where the Second Department denied a defendant summary judgment on Labor Law § 240 (1) when the plaintiff was struck by planks that fell from the back of a truck and struck the plaintiff. There, the Appellate Division found "material issues of fact as to whether there was an elevation-related risk posed by the position of the planks when they fell and struck the plaintiff and whether the . . . defendants were obligated to provide additional safety devices to secure the planks while they were being unloaded" (*Farrington v Bovis Lend Lease LMB, Inc.*, 51 AD3d 624, 625-626 [2d Dept 2008], differentiated by *Ciaravino v Bulldog Nat. Logistics, LLC*, 146 AD3d 925 [2d Dept 2017]).

Similar to *Farrington*, there are material questions of fact here as to whether the window guards in question were so placed that they exposed workers to an elevation related risk once on the ground and whether the window guards required securing with a different safety device while they were being unloaded. Contrary to defendants' contention, this is not a case where the "fall . . . of the objects . . . was the goal of the work"; here, the window guards were being unloaded, like the planks in *Farrington* and should have been controlled (*cf. Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1 [2011]).

Additionally, it is undisputed that the plaintiff had previously been provided with a forklift to unload window guards. The sworn statements from the Triple-H workers indicate that the forklift was not working on the date of plaintiff's accident. While plaintiff does not make an affirmative argument sufficient to warrant summary judgment in his favor with respect to the forklift, there are questions of fact about whether the absence of the forklift was a proximate cause of plaintiff's accident. Therefore, defendants' motion for summary judgment on this claim must be denied.

4

In light of the foregoing, both parties' motions are denied with respect to plaintiff's Labor Law § 240 (1) claim.

**Labor Law § 241 (6)**

The defendants seek summary judgment on plaintiff's Labor Law § 241 (6) claim. The plaintiff has not identified any Industrial Code provisions upon which his Labor Law § 241 (6) claim might be predicated and did not interpose any opposition to this portion of defendants' motion (*Ross v. Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502 [1993]). Therefore, defendants are granted summary judgment as to this claim.

**Labor Law § 200**

Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work" (*Pacheco v Smith*, 128 AD3d 926, 926 [2d Dept 2015]). Thus, claims for negligence and for violations of Labor Law § 200 are evaluated using the same negligence analysis (*Ortega v Puccia*, 57 AD3d 54, 61 [2d Dept 2008]). The defendants contend that they did not have authority to direct or control plaintiff's work. Plaintiff did not oppose this portion of the defendants' motion. Therefore, defendants' motion is granted without opposition as to this claim.

**Conclusion**

Plaintiffs' motion for summary judgment (Seq. 002) is denied.

Defendants' motion is granted as to plaintiff's Labor Law §§ 241 (6) and 200 claims without opposition; the motion is otherwise denied.

This constitutes the decision and order of the court.

_____January 14, 2025_____
**DATE**

**DEVIN P. COHEN**
Justice of the Supreme Court

5